IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   Criminal Action No. 17-00144-KD-N |
| | ) |
| CALVIN HARRIS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Calvin Harris' "Relevant Motion to Amend Sentence" which the Court construes as a motion for reconsideration of the denial of Harris' motion for reduction of sentence pursuant to Amendment 821 to the U.S. Sentencing Guidelines. U.S.S.G. § 1B1.10 (doc. 164).  Upon consideration, and for the reasons set forth herein, Harris' motion for reconsideration is **DENIED.**

The Court of Appeals for the Eleventh Circuit has held that "[a]lthough the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." Serrano v. United States, 411 Fed. Appx. 253, 255 (11th Cir. 2011); see also United States v. Bueno-Sierra, 2020 WL 4015499, at *2 (S.D. Fla. 2020) (citing United States v. Russo, 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011) for the premise that "[c]ourts have tended to import the standards governing a civil motion for reconsideration into the criminal arena.").

"In adjudicating motions for reconsideration in criminal cases, district courts have relied on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Bueno-Sierra, 2020 WL 4015499, at *2 (quoting United States v. Brown, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (internal

quotation marks and citations omitted)); United States v. Gossett, 671 Fed. Appx. 748, 749 (11th Cir. 2016) ("In civil cases, a motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment, including new arguments that could have been raised but were not. The grounds for granting a Rule 59 motion are intervening changes in controlling law, newly discovered evidence, or manifest errors of law or fact.").

In the motion for reconsideration, Harris argues that he is eligible for consideration because no terrorism was involved, he did not use violence, and no death resulted from his offense, and therefore, his motion to amend his sentence should be granted (doc. 164).  Thus, he appears to argue that the Court made an error of law.  However, Harris must meet all ten criteria in U.S.S.G. § 4C1.1(a).  Also, as previously stated in the Order denying Harris' motion pursuant to Amendment 821, he does not meet the criteria of subparagraph (3) (doc. 163).  The defendant meets the criteria if "defendant did not use violence or credible threats of violence in connection with the offense." U.S.S.G. § 4C1.1(a)(3).  Harris was convicted of carjacking, which has as an element the taking of "a motor vehicle ... from the person or presence of another by force and violence ..." 18 U.S.C. § 2119. Also, as previously stated, he does not meet the criteria of subparagraph (7) (doc. 163).  The defendant meets the criteria if "defendant did not possess … a firearm … in connection with the offense". U.S.S.G. § 4C1.1(a)(7).  Harris was convicted of possession of a firearm "in connection with" the offense of carjacking.  Accordingly, Harris' motion to reconsider is due to be denied.

**DONE** and **ORDERED** this 20th day of March 2024.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

2